CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
RKW
JUL 12 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLAUDE LINDEN ROSE,<br>Petitioner, | )<br>)  Civil Action No. 7:07cv00003<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| JACK LEE, Superintendent,<br>Middle River Regional Jail,<br>Respondent. | )<br>)  By: Hon. Jackson L. Kiser<br>)  Senior U.S. District Judge |

Petitioner Claude Linden Rose, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Rose challenges the validity of his conviction in the Circuit Court of Albemarle County. This action is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On August 6, 2003, Rose was convicted in the Circuit Court of Albemarle County of feloniously obtaining by false pretenses money belonging to the Southern Insurance Company, and was subsequently sentenced to 10 years imprisonment with 9 years and 3 months suspended. Rose appealed his conviction to the Court of Appeals of Virginia, citing two grounds.[1] On July 29, 2004, his appeal was denied as the Court of Appeals found no reversible error by the trial court. That decision was adopted by a three-judge panel of the Court of Appeals on November 10, 2004. Rose next filed a petition for appeal in the Supreme Court of Virginia citing the same grounds. The court found no reversible error and, on March 25, 2005, the appeal was refused.

On March 27, 2006, Rose filed a petition for writ of habeas corpus in the Supreme Court of

---

[1] Rose alleged that the evidence was insufficient to sustain a conviction, and that the trial judge abused his discretion by denying Rose's motion for continuance in order to "obtain the presence of witnesses on his behalf."

Virginia in which he raised the following four claims:[2]

> (A) Trial counsel was ineffective in failing to contact and subpoena witnesses and in failing to be prepared for trial.
>
> (B) Trial counsel was ineffective for failing to arrange for a jury trial, causing Rose to acquiesce to a bench trial when Rose preferred a jury trial.
>
> (C) Trial counsel was ineffective in advising Rose not to testify when counsel was not prepared for trial with witnesses and case law.
>
> (D) Trial counsel was ineffective in failing to properly advise the trial court of the amount due to the insurance company in restitution.

Respondent moved to dismiss Rose's petition, and, on October 5, 2006, the court granted the motion, finding that Rose had failed to demonstrate, pursuant to the two-part test stated in Strickland v. Washington, 466 U.S. 668 (1984), deficient performance by trial counsel or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Rose timely filed the instant petition on January 3, 2007. The petition consists of the following four claims, only two of which had been previously raised:[3]

> (1) Counsel was ineffective in failing to contact and subpoena witnesses for whom Rose provided telephone numbers.
>
> (2) Counsel was ineffective in failing to adequately prepare for trial.
>
> (3) Counsel was ineffective for failing to advise Rose of the nature of the offense and/or the Commonwealth's theory of the case.
>
> (4) The Commonwealth's Attorney withheld exculpatory evidence.

---

[2] Rose also filed a petition for writ of habeas corpus in this court one day later on March 28, 2006, which I dismissed as unexhausted on April 7, 2006.

[3] Claims (1) and (2) of the instant petition were both contained within claim (A) of Rose's petition for writ of habeas corpus in the Supreme Court of Virginia.

2

Respondent moved to dismiss Rose's petition on February 6, 2007, arguing primarily that the petition is untimely and, therefore, barred by the statute of limitations. Additionally, respondent contends that this court should give deference to the decision of the Supreme Court of Virginia regarding claims (1) and (2), and that claims (3) and (4) are unexhausted. Rose responded on February 26, 2007, and, therefore, the petition is ripe for review.

## ANALYSIS

### I. TIMELINESS

Pursuant to 28 U.S.C. § 2244(d), a state prisoner must file his petition for a writ of habeas corpus within one year of the date upon which the judgment became final, subject to tolling for the period when a properly filed state collateral review proceeding was pending. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final upon the expiration of the time for seeking direct review. Rose's direct appeal concluded on Friday, March 25, 2005, when the Supreme Court of Virginia denied his petition for appeal. Rose then had 90 days in which to file a petition for certiorari in the United States Supreme Court, which he failed to do. Therefore, on June 27, 2005, Rose's conviction became final and the one-year statute of limitations began to run.[4]

Rose filed his habeas petition in the Supreme Court of Virginia on March 27, 2006, 272 days after the one-year statutory period began running. Rose's claim was pending on collateral review until October 5, 2006, when the Supreme Court of Virginia dismissed his petition for appeal, at

---

[4] Rule 30 of the Rules of the United States Supreme Court dictates that in the computation of any period of time, including the 90-day period one has in which to file a petition for certiorari, the day of the event from which the designated period begins to run is not included. Therefore, Rose's 90-day period begins to run on March 28, 2005 and ends on Sunday, June 26, 2005. Because the period ended on a Sunday, Rose had until the next Monday, June 27, 2005, before his conviction became final.

3

which point Rose had 93 days remaining in which to file a petition pursuant to § 2254. Rose met this January 8, 2007 deadline; in fact, his petition was filed with the Clerk of Court on January 3, 2007. As such, Rose's petition is timely filed.

## II.  CLAIMS (1) AND (2)

Claims (1) and (2) were adjudicated on the merits by the Supreme Court of Virginia, and the decisions of the court are entitled to deference. A court may not grant relief on any claim that the state court has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000).

Clearly established federal law controlling whether counsel was ineffective states that a habeas petitioner must show both that counsel's performance fell below an objective standard of reasonableness and also that there is a reasonable probability that, but for counsel's alleged deficient performance, the outcome of his case would have been different. Strickland, 466 U.S. at 687.

In claim (1), Rose contends that trial counsel was ineffective in failing to contact and subpoena witnesses. Rose alleges that he provided counsel with names and phone numbers for potential witnesses whose testimony would bolster his defense, but counsel never contacted them. In adjudicating claim (1), the Supreme Court of Virginia found that Rose failed to proffer affidavits from the prospective witnesses to confirm that they would have testified as Rose had alleged. As such, the court held that Rose had failed to demonstrate either that counsel's performance was deficient, or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. With nothing from the potential witnesses that alleges

4

their willingness to testify on Rose's behalf, and nothing that alleges that their testimony would have been at all credible, relevant, or helpful, I find that Rose has failed to demonstrate either prong of the Strickland test. I find that, because Rose offered no materials to support his claim, the Supreme Court of Virginia made a reasonable determination of the facts, and the court reasonably applied its determination of the facts to the Strickland test.

In claim (2), Rose contends that counsel was ineffective in failing to adequately prepare for trial. Rose alleges that counsel could not have been adequately prepared to represent Rose, as the two had only met in-person one time. In adjudicating claim (2), the Supreme Court of Virginia examined the record and the trial transcript. The court found that counsel met with Rose once and spoke by telephone with Rose at least twice. Furthermore, the court found that Rose failed to state what information he would have provided to counsel if they had other face-to-face meetings, or how this potential information would have altered the outcome of his trial. Accordingly, the court held that Rose failed to demonstrate either prong of the Strickland test. I find that, because Rose offered no evidence of any new, different, or relevant information he would have given to counsel had they met again, the Supreme Court of Virginia made a reasonable determination of the facts, and the court reasonably applied its determination of the facts to the Strickland test.

### III.  CLAIMS (3) AND (4)

Claims (3) and (4) were not presented to all appropriate state courts, yet no state remedy remains available. As such, claims (3) and (4) are exhausted, but also are simultaneously procedurally defaulted. Typically, if a prisoner has failed to exhaust all the claims in his petition, the entire petition is subject to dismissal. See 28 U.S.C. § 2254(d)(2); see also Rose v. Lundy, 455 U.S. 509, 522 (1982); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). 28 U.S.C. §

5

Case 7:07-cv-00003-JLK-mfu   Document 26   Filed 07/12/07   Page 5 of 8   Pageid#: 157

their willingness to testify on Rose's behalf, and nothing that alleges that their testimony would have been at all credible, relevant, or helpful, I find that Rose has failed to demonstrate either prong of the Strickland test. I find that, because Rose offered no materials to support his claim, the Supreme Court of Virginia made a reasonable determination of the facts, and the court reasonably applied its determination of the facts to the Strickland test.

In claim (2), Rose contends that counsel was ineffective in failing to adequately prepare for trial. Rose alleges that counsel could not have been adequately prepared to represent Rose, as the two had only met in-person one time. In adjudicating claim (2), the Supreme Court of Virginia examined the record and the trial transcript. The court found that counsel met with Rose once and spoke by telephone with Rose at least twice. Furthermore, the court found that Rose failed to state what information he would have provided to counsel if they had other face-to-face meetings, or how this potential information would have altered the outcome of his trial. Accordingly, the court held that Rose failed to demonstrate either prong of the Strickland test. I find that, because Rose offered no evidence of any new, different, or relevant information he would have given to counsel had they met again, the Supreme Court of Virginia made a reasonable determination of the facts, and the court reasonably applied its determination of the facts to the Strickland test.

### III.  CLAIMS (3) AND (4)

Claims (3) and (4) were not presented to all appropriate state courts, yet no state remedy remains available. As such, claims (3) and (4) are exhausted, but also are simultaneously procedurally defaulted. Typically, if a prisoner has failed to exhaust all the claims in his petition, the entire petition is subject to dismissal. See 28 U.S.C. § 2254(d)(2); see also Rose v. Lundy, 455 U.S. 509, 522 (1982); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). 28 U.S.C. §

2254(b)(1)(B) provides that a petition need not, however, be dismissed for lack of exhaustion if there is "an absence of available State corrective process." When state courts would refuse to review a claim based on the petitioner's failure to comply with state procedural rules, this creates "an absence of available State corrective process." See Teague v. Lane, 489 U.S. 288, 298 (1989).

Because Rose failed to raise claim (3) in his prior state habeas petition, it would now be barred from review in state court pursuant to Va. Code § § 8.01-654(B)(2), which prohibits the granting of any habeas petition based on an allegation that could have been presented by the petitioner at the time of his previous petition.

Since Rose failed to raise claim (4) on direct appeal, it would now be barred from review in state court pursuant to the appellate default rule of Slayton v. Parrigan, 215 Va. 27, 29 (1974). As Rose's claims (3) and (4) would now be barred from review in state court, I find there to be an absence of available state corrective process and, therefore, deem the claims exhausted, but also procedurally defaulted. See Teague, 489 U.S. at 297-99.

Federal review of the claims is, however, still precluded unless Rose can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998). Generally, a petitioner can demonstrate cause by showing that some "objective factor external to the defense" impeded his efforts to comply with the State's procedural rules. Strickler v. Greene, 557 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1996)). In his petition, Rose makes no contentions as to any cause excusing the procedural default of claim (3), and makes only one contention as to cause excusing the procedural default of claim

6

(4)–that Rose did not discover the exculpatory evidence until performing additional research after his state habeas petition was already filed. The supposed exculpatory evidence that Rose claims was not turned over, however, was a caveat on a check written by Rose that would allegedly support Rose's defense. Because Rose wrote the caveat on the check and presented it himself, I find that Rose knew, or should have known, of its existence at the time of trial and on direct appeal. Because Rose offers no cause to excuse the default of claim (3), and because the alleged cause to excuse the default of claim (4) is wholly inconsistent with the evidence adduced at trial, I find that Rose has not demonstrated cause sufficient to excuse the procedural defaults of claims (3) and (4).

A petitioner may also excuse a procedural default by establishing that failure to consider the claim would result in a fundamental miscarriage of justice. A fundamental miscarriage of justice is the functional equivalent of "actual innocence." See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Weeks v. Angelone, 176 F.3d 249, 269 n. 11 (4th Cir. 1999). In order to demonstrate actual innocence, Rose must show that, if new reliable evidence were introduced, it is more likely than not that no reasonable juror would convict him. Schlup v. Delo, 513 U.S. 298, 324-37 (1995); Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999). In this instance, Rose has not provided any evidence of his innocence or even made any argument as to such innocence. Accordingly, I conclude that Rose fails to demonstrate a "fundamental miscarriage of justice" so as to excuse his procedural default.

Since Rose has demonstrated neither cause for his default nor actual innocence, I find claims (3) and (4) to be procedurally defaulted. Accordingly, claims (3) and (4) must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 12th day of July, 2007.

/s/ Jackson L. Kiser
Senior U.S. District Judge

8